UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | NO. CV 23-8162-PA(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| THE GRAMMY AWARDS, | ) | |
| Defendant. | ) | |

On August 8, 2023, Plaintiff filed a Complaint in the Eastern District of Louisiana, naming as the sole Defendant "The Grammy Awards d/b/a The Recording Academy/NARAS" (Complaint, p. 1). On September 26, 2023, the Eastern District of Louisiana transferred the action to this Court. Although the Eastern District of Louisiana previously granted Plaintiff in forma pauperis status, a review of the Complaint suggests that such status should be revoked and the action should be dismissed.

The Court may dismiss an action at any time if the action "is frivolous or malicious" or "fails to state a claim on which relief may

be granted." 28 U.S.C. § 1915(e)(2)(B). As relevant here, a complaint fails to state a claim on which relief may be granted if the statute invoked in the complaint does not afford a private right of action for the conduct alleged therein. See Parra v. PacifiCare of Arizona, Inc., 715 F.3d 1146, 1151 (9th Cir. 2013).

In the Complaint, Plaintiff alleges that Defendant is a racist organization that affiliates with several "sick" people and that Defendant wrongfully terminated Plaintiff's membership (Complaint, pp. 2, 4-6). As the purported basis for federal question jurisdiction, Plaintiff invokes only the Civil Rights Act of 1964 (id., pp. 4, 6, 7).

The Civil Rights Act of 1964, which is comprised of eleven titles, bans certain discrimination on the basis of race, color, religion, sex and national origin. See 42 U.S.C. § 2000a et seq. The Act is directed to a variety of contexts, including voting rights (Title I), public accommodations (Title II), public facilities (Title III), public education (Title IV), federally assisted programs (Title VI), employment (Title VII), and voting registration (Title VIII). See id.; see also, e.g., Alexander v. Sandoval, 532 U.S. 275, 278 (2001); Griggs v. Duke Power Co., 401 U.S. 424, 429-430 (1971); Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 351-52 (1964).

Plaintiff alleges that he suffered racial discrimination by Defendant in purported violation of the Act. Plaintiff does not identify any specific provision of the Act that Defendant allegedly violated. It does not appear that the purported former relationship

between Plaintiff and Defendant could give rise to liability under the Act.

Accordingly, it appears that the Complaint does not state a claim under the Act (or under any other federal law).  It further appears that the Complaint should be dismissed without leave to amend because amendment would be futile.  See Parents for Privacy v. Barr, 949 F.3d 1210, 1239 (9th Cir. 2020) (complaint dismissed without leave to amend because the problem was not the sufficiency of plaintiff's factual allegations but the failure of plaintiff's legal theories).  Notably, the Court recently denied Plaintiff in forma pauperis status and dismissed with prejudice a very similar action filed by Plaintiff. See Emrit v. The Grammy Awards on CBS, CV 23-8593-PA(E).

IT IS THEREFORE ORDERED that, within twenty-one (21) days of the date of this order, Plaintiff shall show cause, if there be any, why in forma pauperis status should not be revoked and this action should not be dismissed with prejudice for failure to state a claim.

Failure timely to comply with this order, or failure to demonstrate cause, may result in the dismissal of this action with prejudice.

DATED: October 25, 2023.

                                         /S/
                            CHARLES F. EICK
                UNITED STATES MAGISTRATE JUDGE